UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIK DANIEL CHRISTIANSON, | Civil No. 16-1034 (JRT/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| JEFFREY MARKQUART, *in his official capacity as Martin County Sheriff*, | |
| Defendant. | |

Bradford W. Colbert, **LEGAL ASSISTANCE TO MINNESOTA PRISONERS, MITCHELL HAMLINE SCHOOL OF LAW**, 875 Summit, Room 254, Saint Paul, MN 55105, for plaintiff.

Andrew Allen Wolf and Jason M. Hiveley, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendant.

Plaintiff Erik Christianson brought this action against Martin County Sheriff Jeffrey Markquart for assessing pay-for-stay costs against Christianson during his stay at the Martin County Jail.[1] In total, Christianson accrued $7,625 in pay-for-stay costs. He subsequently sent three letters to Markquart stating that he does not have the ability to pay the costs and requesting that the jail waive payment of the costs pursuant to Minn. Stat. § 641.12, subd. 3(b). Christianson argued that Markquart violated Minn. Stat. § 641.12, subd. 3(b), and the Due Process Clauses of the United States and Minnesota

---

[1] For a complete summary of facts, see *Christianson v. Markquart*, No. 16-1034, 2018 WL 461134, at *1-2 (D. Minn. Jan. 17, 2018).

Constitutions by failing to assess whether Christianson qualifies for a waiver of payment of the pay-for-stay costs.

Markquart moved for summary judgment. The Court denied Markquart's motion and, instead, entered judgment for Christianson. *Christianson v. Markquart*, No. 16-1034, 2018 WL 461134, at *5 (D. Minn. Jan. 17, 2018). Markquart has filed a request for permission to file a motion to reconsider. (Letter from Jason M. Hiveley ("Letter"), Feb. 7, 2017, Docket No. 52.) The Court will deny this request.

First, Markquart argues that the only dispositive issue in this case is "[w]hether § 641.12 required a process for granting a **pre**-assessment waiver before levying costs" and the Court therefore impermissibly reached the question whether the statute requires a process for assessing whether Christianson was entitled to a **post**-assessment waiver without notice to Markquart.[2] (*Id.* at 2.) Markquart's characterization of the statutory issue in this case is incorrect. The Complaint alleges that "Minn. Stat. § 641.1[2] requires Defendant to make a determination of Plaintiff's ability to pay or the undue hardship payment would place on the Plaintiff." (Compl. ¶ 27, Apr. 20, 2016, Docket No. 1.) The Complaint continues, "As Defendant failed to make **any determination** regarding Plaintiff's ability, or lack thereof, to pay, any fees charged and collected on are a violation of Plaintiff's rights under the statute." (*Id.* ¶ 30 (emphasis added).) As

---

[2] The Court agrees with Markquart that the Court decided the issue on the state-law grounds – his violation of Minn. Stat. § 641.12 – and did not reach the Due Process Clause issue in this case. *Christianson*, 2018 WL 461134, at *5. The Court clarifies that the Due Process Clause claim is dismissed without prejudice.

framed by the Complaint, Christianson did not restrict the statutory issue to **pre**-assessment waivers. Christianson clearly alleged that Markquart failed to make "any determination" – pre-assessment or post-assessment. Thus, Markquart was on notice that the claim was at issue.

Second, Markquart argues that "[a] jury could find the letters were improper accusations not entitled to be treated as waiver requests." (Letter at 2.) But no reasonable jury could interpret the letters as anything but waiver requests. The first letter states, "I ask that your office revisit and waive the pay for stay charges." (Aff. of Bradford Colbert ("Colbert Aff.") ¶ 6, Ex. 1 at 2, Aug. 21, 2017, Docket No. 36.) The second letter also states, "I ask that your office revisit and waive the pay for stay charges." (*Id.*, Ex. 2 at 4.) The third letter states, "I am hoping that you will reconsider charging Mr. Christianson and return any money you have already collected from him." (*Id.*, Ex. 3 at 6.) What are these letters if not waiver requests? There is no material issue of fact that Christianson requested a waiver.

Markquart argues that a jury could have found that these letters "were meant only to coerce Defendant into agreeing with Plaintiff's demands." (Letter at 2.) Markquart alleges that the letters were coercive because Christianson's counsel "misrepresented" the law by asserting that "[b]oth Minn. Stat. § 641.12 and the Constitution require such a determination before any pay for stay charges can be imposed." (Colbert Aff. ¶ 6, Ex. 1 at 2.) This argument is absurd.

The only thing Christianson tried to "coerce" Markquart into doing is complying with his legal obligations. Markquart is correct that the letters "accused" him of violating

Minn. Stat. § 641.12; he violated the statute as a matter of law. The Court concluded that the statute requires a waiver determination "**at some point**," but is ambiguous with respect to "**when**" it must be made. *Christianson*, 2018 WL 461134, at *4-5 (emphasis in original). Markquart's counsel refused to answer whether Martin County had **any procedures** to comply with Minn. Stat. § 641.12 and instead continually asserted that no such procedures were required under the statute. *Id.* at *5. Markquart was incorrect as a matter of law and the letters reasonably informed him of this fact.

The letters do not contain a misrepresentation of the law. The Court did not need to construe the statute to determine whether the statute requires a pre-assessment or post-assessment determination because there was **no waiver determination made whatsoever in this case**. Moreover, as an act of constitutional avoidance, the Court did not decide whether the Due Process Clause requires a pre-assessment determination.[3] Christianson's statements with respect to the statutory or constitutional requirements could very well be correct. At the very least, these statements are reasonable interpretations of undecided law, which were used to support Christianson's request for consideration for a waiver. And, even if the Court were to agree that these reasonable representations of law were somehow "coercive," Christianson still requested a waiver and Markquart did not consider whether Christianson was entitled to a waiver as required by Minn. Stat. § 641.12.

---

[3] The issue of attorney fees is currently before the Court. (Mot. for Attorney Fees, Jan. 31, 2018, Docket No. 45.) The Court is not making any determination on that issue in this Order.

Markquart had notice that summary judgment against him was inevitable. The numerous letters requested that Markquart determine whether Christianson was entitled to a waiver and provided him with a citation to the relevant statute. The Complaint alleged that Markquart failed to make **any determination**. (Compl. ¶ 30.) In his memorandum opposing summary judgment, Christianson suggested that the Court could grant summary judgment against Markquart. (Pls.' Mem. Opp. Mot. Summ. J., at 3, Aug. 21, 2017, Docket No. 35.) Nevertheless, Markquart never addressed in his reply brief or at oral argument why the Court should not grant summary judgment against him. Markquart had sufficient advance notice and adequate opportunity to demonstrate why summary judgment should not be granted. *See Madewell v. Downs*, 68 F.3d 1030, 1048-49 (8th Cir. 1995).

The Court will deny Markquart's request for permission to file a motion for reconsideration.

**ORDER**

Based on the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jeffrey Markquart's request for permission to file a motion for reconsideration [Docket No. 52] is **DENIED**.

DATED: February 14, 2018        s/John R. Tunheim
at Minneapolis, Minnesota.       JOHN R. TUNHEIM
                                 Chief Judge
                                 United States District Court