# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ERIK DANIEL CHRISTIANSON | Civil No. 16-1034 (JRT/KMM) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART ATTORNEY FEES** |
| JEFFREY MARKQUART, *in his official capacity as Martin County Sheriff* | |
| Defendant. | |

Bradford W. Colbert, **LEGAL ASSISTANCE TO MINNESOTA PRISONERS, MITCHELL HAMLINE SCHOOL OF LAW**, 87 Summit, Room 254, St. Paul, MN 55105, for plaintiff.

Andrew Allen Wolf and Jason M. Hiveley, **IVERSON REUVERS CONDON**, 9321 Ensign Avenue South, Bloomington, MN 55438, for defendant.

Plaintiff Erik Christianson brought this action against Martin County Sheriff Jeffrey Markquart for assessing pay-for-stay costs against Christianson during his stay at the Martin County Jail without considering whether Christian qualifies for a waiver of payment of the costs.[1] Christianson argued that Markquart violated Minn. Stat. § 641.12, subd. 3(b), and the Due Process Clauses of the United States and Minnesota Constitutions. The Court entered summary judgment for Christianson because Markquart failed to consider whether Christianson qualified for a waiver pursuant to Minn. Stat. § 641.12, subd. 3(b).

---

[1] For a complete summary of facts, see *Christianson v. Markquart*, No. 16-1034, 2018 WL 461134, at *1-2 (D. Minn. Jan. 17, 2018).

*Christianson v. Markquart*, No. 16-1034, 2018 WL 461134, at *5 (D. Minn. Jan. 17, 2018).
The Court did not reach the constitutional issues.

Now, Christianson moves for attorney fees in the amount of $17,300. (Mot., January 31, 2018, Docket No. 45.) The Court will grant in part and deny in part Christianson's motion, awarding Christianson $6,075.00 in attorney fees.

## DISCUSSION

A prevailing plaintiff who brings an action pursuant to 42 U.S.C. § 1983 may be awarded "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Prevailing plaintiffs should ordinarily recover fees unless special circumstances would make such an award unjust." *Jenkins ex rel. Jenkins v. Missouri*, 127 F.3d 709, 716 (8th Cir. 1997).

## I. PREVAILING PARTY

The Court must decide whether Christianson is a "prevailing plaintiff." A plaintiff prevails if he or she "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Under Sections 1983 and 1988, courts are "not limited to awarding fees only when a constitutional or civil rights claim is actually decided." *Maher v. Gagne*, 448 U.S. 122, 132 (1980). "[W]hen a district court 'grants relief on a state-law claim in order to avoid a constitutional issue, it may award attorney's fees if the constitutional claim was "substantial" and both the constitutional and the state-law claims arose out of a "common

nucleus of operative fact.'"" *D.C., Inc. v. Missouri*, 627 F.3d 698, 700 (8th Cir. 2010) (quoting *Skokos v. Rhoades*, 440 F.3d 957, 962 (8th Cir. 2006)). The "substantiality" element turns on whether the allegations of the complaint raised a substantial constitutional claim sufficient to confer jurisdiction. *See Rogers Grp., Inc. v. City of Fayetteville*, 683 F.3d 903, 912 (8th Cir. 2012). The "common nucleus of operative fact" element asks whether the plaintiff's claims are aimed at achieving the same result based on the same facts or legal theories. *St. Louis Effort for AIDS v. Lindley-Myers*, 877 F.3d 1069, 1073 (8th Cir. 2017).

The Court will conclude that Christianson is a prevailing party entitled to reasonable attorney fees.

## A. Substantial Constitutional Claim

First, the Court must consider whether the allegations in the Complaint raised a substantial constitutional claim to confer pendent jurisdiction. In his Section 1983 claim, Christianson alleged that Markquart violated the Due Process Clause and deprived him of a property interest by failing to assess whether Christianson was entitled to a waiver before assessing pay-for-stay costs against him. (Compl. ¶¶ 16-20, Apr. 20, 2016, Docket No. 1-1.); *see also* 42 U.S.C. § 1983. The Court had original, federal-question jurisdiction over Christianson's Section 1983 claim because Markquart was acting under the color of Minnesota law as sheriff of Martin County. 28 U.S.C. § 1343(a)(3). Christianson's due-process claim was not "frivolous," *Hagans v. Lavine*, 415 U.S. 528, 539 (1974), or "so patently without merit" to go beyond the Court's jurisdiction, *id.* at 543 (quoting *Bell v. Hood*, 327 U.S. 678, 683 (1946)); *Davis v. Reagen*, 630 F.2d 1299, 1301 n.6 (8th Cir. 1980).

The Court had pendent jurisdiction over Christianson's state-law claim because the state-law claim was "so related" to the Due Process Clause claim that it "form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Markquart argues that the Court was required to assess whether Christianson actually has a property interest for due-process purposes to determine whether Christianson has standing.[2] (Opp'n Mem. at 7, Feb. 14, 2018, Docket No. 54.) Markquart is mistaken. "The standing inquiry is not . . . an assessment of the merits of a plaintiff's claim." *Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1023 (8th Cir. 2012). Whether Christianson's alleged property interest is sufficient to state a due-process claim is a merits question and not one of jurisdiction. *See Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993-94 (8th Cir. 2016) (reversing district court's standing determination where court considered adequacy of process). Rather, the Court finds that Christianson suffered a concrete, imminent harm by Markquart's inaction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573 n.8 (1992). Minn. Stat. § 641.12 is designed to protect the monetary interests of individuals who cannot afford pay-for-stay costs, and Markquart's violation subjected Christianson to collection attempts and the risk of future garnishment of his tax return. The Court concludes that Christianson had standing,

---

[2] The Court finds Markquart's argument that the Court lacks federal jurisdiction peculiar because it was **Markquart** who removed this case to federal court. (Notice of Removal, Apr. 20, 2016, Docket No. 1.)

the Court had jurisdiction, and, therefore, Christianson's due-process claim was substantial.

### B. Common Nucleus of Operative Fact

Second, the Court must consider whether Christianson's due-process claim arose out of a "common nucleus of operative fact" as his state-law claim. *D.C., Inc.*, 627 F.3d at 700. Christianson's due-process and state-law claims arise from the same facts: Markquart's failure to consider – either pre-assessment or post-assessment – whether Christianson was entitled to a waiver of pay-for-stay costs. (Compl. ¶¶ 16-20, 26-30); *see St. Louis Effort*, 877 F.3d at 1073. Christianson requested the same relief for both claims: (1) a declaratory judgment that the actions were illegal and (2) an injunction prohibiting the collection of any owed pay-for-stay costs.[3] (Compl. at 7.) The Court concludes that both of Christianson's claims arise from a common nucleus of operative fact.

### C. Obtain A Benefit Related to Section 1938

Third and finally, the Court must consider whether Christianson received "some of the benefit [he] sought in bringing suit." *Hensley*, 461 U.S. at 433 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). Christianson obtained such a benefit. The gravamen of Christianson's Complaint was that he was deprived of constitutionally and statutorily guaranteed procedures. (Compl. ¶¶ 17-18, 27-30.) As a remedy,

---

[3] Of course, the declaratory remedies necessarily differ with respect to which law Markquart violated (i.e., the Due Process Clause or Minn. Stat. § 641.12). This difference is irrelevant for the Court's analysis, because the result is the same: a declaration that Markquart violated Christianson's procedural rights.

Christianson requested: (1) a declaratory judgment that the actions were illegal and (2) an injunction prohibiting the collection of any owed pay-for-stay costs. (Compl. at 7.)

The Court awarded Christianson some of the benefit he sought. First, the Court declared that Markquart violated Minn. Stat. § 641.12, subd. 3(b). *Christianson*, 2018 WL 461134, at *6. Of course, the Court did not declare that Markquart violated the Due Process Clause, because, in an exercise of avoidance, the Court did not reach the issue. Second, the Court enjoined Markquart from collecting or attempting to collect from Christianson any debts resulting from pay-for-stay costs, until Martin County created procedures that comply with Minn. Stat. § 641.12, subd. 3(b). Christianson's Complaint was about a lack of procedure; the Court ordered Markquart to create such procedures. The Court concludes that Christianson received the benefit sought in this case and, therefore, is entitled to attorney fees.

In an effort to avoid paying attorney fees, Markquart casts himself as a partial victor in this case. Seizing one sentence from the Court's order, Markquart argues "The Court found Defendant's **current policies** regarding charging confinement fees to individuals without determining the individual's financial ability to pay does not violate Minn. Stat. § 641.12." (Opp'n Mem. at 15 (emphasis added).) Incorrect. It is increasingly clear to the Court that Markquart is utterly confused about the legal issues in this case. The Court will make one final attempt to remind Markquart that he did not prevail in this case.

Christianson argued in the Complaint that Markquart violated the statute by failing to make **any** determination regarding Christianson's ability to pay. (Compl. ¶¶ 28, 30.)

Contrary to Markquart's argument, Christianson did not limit his state-law claim under

Minn. Stat. § 641.12 to a pre-assessment procedure.

The Court therefore analyzed whether Christianson violated Minn. Stat. § 641.12

by failing to make **any determination** – pre-assessment or post-assessment.  In order to

assess whether Markquart violated the statute, the Court had to interpret the statute.

Markquart continues to read the following passage of the Court's order as a victory:

> Markquart argues that the statute does not require him to
> evaluate whether an inmate qualifies for a waiver **before**
> assessing the pay-for-stay costs. True. Markquart also argues
> that the statute does not provide any procedures for **how or
> when** he is supposed to determine whether Christianson
> qualifies for a waiver. Also true. But in making both
> arguments, Markquart ignores that the statute requires him to
> make this determination.

*Christianson*, 2018 WL 461134, at \*5.  In acknowledging that Markquart's arguments were

"true," the Court was merely trying to convey that the statute's plain text is ambiguous

with respect to whether the procedures must be pre-assessment or post-assessment.  But

the last sentence of this passage is key.  What is not ambiguous is that Markquart was

required to create **some** form of procedures – something, anything – for assessing the

waiver of pay-for-stay costs.[4]

The Court cannot possibly have found that Markquart's "current policies" did not

violate Minn. Stat. § 641.12 because Markquart **had no policies**.  The Court held that the

---

[4] "It does not matter whether the word 'yellow' is ambiguous when the agency has interpreted it to mean 'purple.'" *United States v. Home Concrete & Supply, LLC*, 566 U.S. 478, 494 n.1 (2012) (Scalia, J., concurring).  It does not matter that Minn. Stat. § 641.14 is ambiguous with respect to the timing of waiver procedures when Markquart has interpreted it to mean that he is not required to create any waiver procedures at all.

absence of procedures violated the statute and ordered Markquart to "create such procedures as necessary to carry out his duty under Minn. Stat. § 641.12, subd. 3(b)." *Id.* In the "Order" section, the Court very clearly stated, "The Court **DECLARES** that Markquart violated Minn. Stat. § 641.12, subd. 3(b), by failing to determine whether Christianson qualifies for a waiver from payment of pay-for-stay costs." *Id.* at *6. The Court will reiterate its decision: **Markquart and Martin County violated the statute by failing to have any procedures necessary to implement Minn. Stat. § 641.12.**

But Christianson's state-law claim was not his sole claim. Christianson also claimed that Markquart violated the Due Process Clause by failing "to give any process **before** levying fees for confinement costs owed." (Compl. ¶ 18 (emphasis added).) Unlike his state-law claim, Christianson's Due Process Clause claim is limited to pre-assessment procedures. Markquart continues to conflate the statutory and constitutional issues in this case:

> The Constitutional issue, as emphasized by the Court, was whether Defendant violated the Due Process Clause "by failing to provide Christianson with a hearing ***before*** *levying* pay-for-stay *costs* against him." Order at 5 (emphasis added). The only dispositive question on this issue is whether Minn. Stat. § 641.12 required a process for granting a pre-assessment waiver before levying confinement costs. The Court determined it does not.

(Opp'n Mem. at 15.) The Court concluded that the **statute** does not require pre-assessment procedures; the Court did not decide whether the **Due Process Clause** requires pre-assessment procedures. These are two entirely separate and distinct issues. It is possible that the text of Minn. Stat. § 641.12 would allow Markquart to create either pre-assessment

or post-assessment procedures, but the Due Process Clause would require Markquart to create pre-assessment procedures.[5] The statute must cave to constitutional requirements. Nevertheless, the Court decided not to consider this issue to avoid the constitutional question and, therefore, Markquart cannot be said to have prevailed on any aspect of the due-process claim.

Christianson was able to obtain the relief he sought without the Court's consideration of the constitutional question. Accordingly, Christianson is entitled to reasonable attorney fees under Section 1988.

## II.     REASONABLE FEE

The Court must decide what amount to award Christianson in attorney fees. The Court will award Christianson $6,075.00 in attorney fees.

In determining a reasonable award of attorney fees, the Court begins with the "lodestar" amount, obtained by calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley*, 461 U.S. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*; *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991). With regard to hourly rates, "[a] reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated." *Emery v. Hunt*, 272 F.3d 1042, 1048 (8th Cir. 2001). "[D]istrict courts may rely on their own experience and knowledge of

---

[5] Again, Markquart must create **some** procedures if Martin County Jail wishes to charge pay-for-stay costs.

prevailing market rates." *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).  A district court

has "broad discretion" in awarding attorney fees.  *Id.*

Christianson requests $17,300 in attorney fees for his two attorneys Bradford

Colbert and Brandt Devich.  Both attorneys submitted affidavits explaining their services,

hours, and fees.  The Court considers the attorney fees for Colbert and Devich separately.

### A.     Colbert

Bradford Colbert is the Director of the Legal Assistance to Minnesota Prisoners

Clinic at Mitchell Hamline Law School.  Although he does not maintain a standard billing

rate, Colbert believes an appropriate rate for his services in this case is $450/hour.  (Aff. of

Bradford Colbert ("Colbert Aff.") ¶ 11, Jan. 31, 2018, Docket No. 48.)   The Court

concludes that this rate is reasonable in light of Colbert's prior experience and rates for

civil-rights representation in the Twin Cities metropolitan area.  Colbert has submitted an

affidavit with basic descriptions of work and an estimated 27 hours worked.  (*Id.* ¶ 10, Ex.

A.)  However, Colbert admits that he "did not keep contemporaneous records of the hours

worked in this case" and instead estimated the amount of work spent on the case by

reviewing the file.  (Colbert Aff. ¶ 10.)  Although the Court finds that the hourly rate and

the number of hours expended are reasonable, it will reduce the hours claimed by 50% to

account for inadequate documentation.  Accordingly, the Court will award Christianson

$6,075.00 in attorney fees for the work of Colbert.

### B.     Devich

Brandt Devich was a student attorney at Mitchell Hamline Law School, who

continued to work on Christianson's case after graduating in May 2017.  (*Id.* ¶ 7; Aff. of

Brandt Devich ("Devich Aff.") ¶ 2, Jan. 31, 2018, Docket No. 49.)  Local Rule 83.8(c)

requires a law student practicing before the Court to complete a student-practice

certification form and for the supervising attorney to file that form in any case in which the

law student appears.  Colbert did not file a student-practice certification form for Devich

in this case.  Additionally, Local Rule 83.8(b)(1)(B) requires the supervising attorney to

"accompany the law student to, and be prepared to assist the law student at, every court

appearance."  Devich thrice appeared at hearings without the appearance of Colbert in

violation of this rule.[6]  (Minute Entry, June 9, 2017, Docket No. 24; Minute Entry, Jan. 10,

2017, Docket No. 20; Minute Entry, Oct. 12, 2016, Docket No. 19).[7]

Moreover, after Devich had graduated from Mitchell Hamline Law School, he

continued to work on Christianson's case without filing a notice of appearance or being

admitted to the bar of the U.S. District Court for the District of Minnesota.  Local Rule

83.5(a) requires all attorneys practicing before the Court to be admitted to the bar of the

---

[6] The Court is concerned by Colbert and Mitchell Hamline Law School's disregard of the Local Rules in this case.  Mitchell Hamline is located in St. Paul and has Indian law, immigration law, and criminal law clinics that litigate in the District of Minnesota.  The Court recognizes that these clinics are a great service to the community because they provide necessary training to  law students and legal services to indigent clients.  However, as a Minnesota law school, the Court expects Mitchell Hamline's supervising attorneys to be fully versed in the Local Rules of the U.S. District Court for the District of Minnesota, like all attorneys admitted to practice before this Court, and to be especially well versed in rules pertaining to student practice.  The Court prefers not to be forced in future cases to revoke student-practice certifications for Mitchell Hamline's students due to non-compliance with the Local Rules.  *See* D. Minn. LR 83.8(e).

[7] The Court acknowledges that these conferences were conducted via telephone.  It is possible that Colbert was present with Devich during the conference.  But the Court has no way of knowing, because the minute entries – which constitute the formal record of the Court – only notice the appearance of Devich.  To comply with the Local Rules, it is important that the supervising attorney note his or her appearance on the record at every hearing.

U.S. District Court for the District of Minnesota, unless they fall within a narrow set of exceptions. Devich was also required to file a notice of appearance in this case to signify to the Court that he was, in fact, representing Christianson; an oral appearance is insufficient. *Simitar Entm't, Inc. v. Silva Entm't, Inc.*, 44 F. Supp. 2d 986, 990-91 (D. Minn. 1999); *see* Fed. R. Civ. P. 11. The Court warned Devich of this violation on August 22, 2017. (Notice re: Non-Admitted Attorney, Aug. 22, 2017, Docket No. 39.)

In light of these violations, the Court will not award Christianson attorney fees for Devich's services because Devich is not an attorney of record in this case. In addition, the Court has concerns about inadequate documentation because Devich also "did not keep contemporaneous records of the hours worked." (Devich Aff. ¶ 3.) Accordingly, the Court will not award Christianson attorney fees for the work of Devich.

## ORDER

Based on the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Erik Christianson's Motion for Attorney Fees [Docket No. 45] is **GRANTED in part and DENIED in part**. Christianson is awarded attorney fees in the amount of $6,075.00 for the work of Bradford Colbert. Christianson's request for attorney fees for the work of Brandt Devich is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 19, 2018                          s/John R. Tunheim
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                          Chief Judge
                                             United States District Court